IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

John Conrad and Leslie Conrad,        :                    4:09-CV-01326
his wife,                             :
                                      :
            Plaintiffs,               :                    (Judge McClure)
        v.                            :
                                      :
Northumberland County, et. al.,       :
                                      :
            Defendants.               :

# M E M O R A N D U M

February 3, 2010

## BACKGROUND:

On July 10, 2009, plaintiffs, John and Leslie Conrad, a married couple,

commenced a civil action by filing a complaint against defendants Northumberland

County, Northumberland County Prison Board, Robert Sacavage, Anthony Rosini,

Chad Reiner, Frank Sawicki, Kurt Masser, Charles Erdman, Vinny Clausi and

Ralph M. Reish. In their complaint, the Conrads allege a violation of  John

Conrad's  Right to Free Speech (Count I); deprivation of John Conrad's

Substantive and Procedural Due Process rights (Count II);denying Conrad Equal

Protection of the laws (Count III); wrongful discharge (Count IV); intentional

infliction of emotional distress (Count V); violation of whistle blower statutes

(Count VI); defamation (Count VII); loss of consortium (Count VIII); and

1

violation of 42 U.S.C. 1985(2) (Count IX).

On September 22, 2009, defendants filed a Motion to Dismiss and a supporting brief. (Rec. Doc. Nos. 10 and 11). Plaintiffs were granted an extension of time within which to file their opposing brief, and thus their opposing brief was timely filed October 28, 2009. Defendants filed a reply brief November 9, 2009; thus the matter is ripe for disposition.

Now, therefore, for the following reasons we will grant the motion in part and deny it in part.

**DISCUSSION:**

### I. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, __ U.S. __ , 2009 U.S. Lexis 3472, *29 (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the

complaint. <u>Kost</u>, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, __ U.S. at *29. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. <u>Maio v. Aetna, Inc.</u>, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1960 (2007). "Determining wether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, __ U.S. at *30. In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. <u>Hellmann v. Kercher</u>, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964, (2007) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff

must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief  under it. <u>Hellmann</u>, 2008 U.S. Dist. LEXIS at 4-5.  Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. <u>Twombly</u>, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." <u>Iqbal</u>, __ U.S. at *29, <u>citing</u> Fed. R. Civ. P. 8(a).        The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  <u>Id.</u> at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  <u>Id.</u> at 327

## II.  Allegations in the Complaint

Accepting as true all of the allegations in the complaint, the facts are as follows.  Plaintiffs John Conrad ("Conrad") and Leslie Conrad ("Leslie Conrad") are a married couple.  In 1990, Conrad was hired by Northumberland County as its

4

Finance Officer.  In October 2001, Conrad was appointed as Deputy Warden of the Northumberland County Prison.  As Deputy Warden, most of Conrad's performance reviews were "very good or excellent."  Conrad asserts that he never received any reprimands during his tenure with the prison, nor did he receive any criticism from Warden Ralph M. Reish, his supervisor.

In February 2009, Todd Kerstetter, Solicitor for Northumberland County Prison, advised Conrad that he would be suspended with pay for 1) making critical statements about Ralph M. Reish, the prison Warden, to a newspaper reporter, 2) injuring Don Keeley[1], and 3) failing to stop overtime at the prison.  According to the complaint, Kerstetter told Conrad he would be availed of a hearing, but suggested that Conrad resign to "save him further trouble."  On March 25, 2009, Conrad's employment was terminated at a public hearing held by the Northumberland Prison Board.  Conrad was not provided with a statement of charges prior to the hearing; however, Kerstetter orally advised Conrad that the charges included the three he had previously been advised of, in addition to a fourth charge.  The fourth charge was that Conrad was responsible for his son-in-law's actions in taking scrap metal from the prison to sell without paying the prison.  Conrad was allowed to testify at the hearing.  Conrad asserts that because

[1]The identity of Don Keeley is unclear from the complaint.

he did not have formal notice of the charges against him, he was unable to meaningfully present evidence or call witnesses on his behalf. Plaintiffs aver that the hearing was a sham and the Board members had decided prior to the hearing to terminate Conrad's employment.

Plaintiffs believe that the reasons given for Conrad's termination were pretextual. Plaintiffs assert that Conrad's employment was terminated in retaliation for his testifying truthfully before a Grand Jury investigating corruption at the Northumberland County Prison and in two separate lawsuits against Northumberland County. Presumably his testimony had negative implications for the county.

Plaintiffs assert that prior to Conrad's termination, Commissioner Frank Sawicki requested that Reish send Sawicki a letter concerning the termination of Conrad. In that letter, Reish advised that Conrad's employment should be terminated, in part, because of his testimony in the two lawsuits against the county.

At all times relevant to the complaint, defendants Sacavage, Rosini, Reiner, Sawicki, Masser, Erdman and Clausi were members of the Northumberland County Prison Board and agents and representatives of Northumberland County acting within the scope of their employment for Northumberland County. At all

times relevant to the complaint, defendant Reish was the Warden of the Northumberland County Prison and an employee of Northumberland County and/or the Northumberland County Prison Board and was an agent and representative of Northumberland County acting within the scope of his employment with the county.  Plaintiffs aver that the defendant Prison Board and its individual defendant members were the highest decision-making and policy-making members concerning Conrad's employment.  In the alternative, plaintiffs aver that Reish was the highest decision-making or policy-making member over Conrad.

### III.  Analysis

Although defendants titled their motion a Motion to Dismiss, they indicate in their reply brief that it should have been styled as a partial motion, as they did not seek to dismiss all causes of action.  Additionally, defendants' reply brief clarifies which claims they are seeking to dismiss.  Plaintiffs' brief narrows the scope of their §1985 claim and plaintiffs agree to voluntarily dismiss some counts.  Therefore, a brief recital of which counts are and are not the subject of the motion is in order before dealing with the substance of the motion.

Plaintiffs' complaint sets forth nine counts, each count being against all defendants.  The parties agree that counts IV, V and VII should be dismissed as to

Northumberland County and the Northumberland Prison Board. As a result, Count VIII will be dismissed as to the County and Prison Board, as Leslie Conrad's right to recover in Count VIII is based on a finding of tort liability in Counts IV, V and/or VII. Defendants did not move to dismiss counts IV, V, and VII as to the individual defendants; thus these counts remain as to the individual defendants. Defendants are not moving for Count VI to be dismissed; therefore this count remains as to all defendants. Plaintiffs' complaint pled §1985 generally, but in their opposing brief, plaintiffs limit their §1985 claim to §1985(2). As a result, in their reply brief, defendants withdrew their motion to dismiss plaintiffs' §1985 claim, insofar as that claim is limited to claims under §1985(2). Therefore, because plaintiffs' opposing brief limited their §1985 claim to §1985(2), Count IX remains as a § 1985(2) claim.

Defendants' motion to dismiss therefore, is a motion to dismiss Counts I, II, III and VIII. Additionally, defendants' motion to dismiss argues that the individual defendants should be dismissed because they have qualified immunity.

## Counts I, II and III

Count I is a 42 U.S.C. § 1983 claim alleging that defendants acted to deprive Conrad of his right to free speech. Count II is a 42 U.S.C. § 1983 claim alleging that Conrad's substantive and procedural due process rights were violated. Count

III is a 42 U.S.C. § 1983 claim alleging that Conrad was denied equal protection of the laws.

In order for plaintiffs to prevail under § 1983 they must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). Defendants do not dispute that the conduct complained of was committed by a person acting under color of state law. For all three counts, defendants dispute the second element that establishes a claim under §1983, namely, defendants argue that plaintiff was not deprived of the rights, privileges or immunities secured by the Constitution or laws of the United States.

A.

In Count I, plaintiffs complain that defendants deprived Conrad of his right to free speech. Plaintiffs' complaint asserts two reasons that Conrad was denied of his free speech rights. Conrad asserts that he was fired in part because of his truthful deposition testimony and also because of statements he made to a newspaper reporter. Defendants do not dispute that plaintiffs' First Amendment claim based on truthful deposition testimony would survive a Fed. R. Civ. P.

12(b)(6) motion. Defendants argue that insofar as plaintiffs' First Amendment claim relies on statements Conrad made to a newspaper reporter, that the claim should be dismissed.

"The First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." Garcetti v. Ceballos, 547 U.S. 410, 417 (2006) (internal citations omitted). "When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Id. at 421. Thus, there are "two inquiries to guide interpretation of the constitutional protections accorded to public employee speech." Id. at 418. The first question is to determine "whether the employee spoke as a citizen on a matter of public concern." Id. "If the answer is no, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." Id. (Internal citations omitted). "If the answer is yes, then the possibility of a First Amendment claim arises." Id. The second question then "becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public. Id. (Internal citations omitted). "A government entity has broader discretion to restrict speech when it acts in its role as employer, but the restrictions

it imposes must be directed at speech that has some potential to affect the entity's operations." Id.

In analyzing Conrad's discussion with a newspaper reporter in the context of a motion to dismiss, we are stopped by the first inquiry: whether Conrad was speaking as a citizen or was speaking as an employee in the scope of his employment. Garcetti held "that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the constitution does not insulate their communications from employer discipline." Garcetti 547 U.S. at 421.  Because we believe the question of whether Conrad's statements were made as a citizen versus pursuant to his official duties to be an issue of fact that is more appropriately resolved no earlier than the summary judgment stage, Conrad's First Amendment claim survives this motion to dismiss.

B.

Plaintiffs allege in Count II that Conrad's substantive and procedural due process rights were violated.  Plaintiffs advance two arguments that Conrad's procedural due process rights were violated; namely that the Pennsylvania whistle blower law created a property interest in continued employment that is entitled to procedural due process protections and that Conrad was deprived of his liberty

interest in reputation.  Defendants assert that Conrad's substantive and procedural due process rights were not violated.

## Property Interest

A state may not authorize deprivation of a protected liberty or property interest without providing a procedural mechanism in connection with that deprivation that satisfies the requirements of due process.  U.S. Const. amend. XIV.  In order to establish that the state has violated an individual's right to procedural due process, a plaintiff must 1) demonstrate the existence of a protected interest in life, liberty or property that has been interfered with by the state; and then 2) establish that the procedures attendant upon that deprivation were constitutionally insufficient.  Board of Regents v. Roth, 408 U.S. 564, 571 (1972); Goldberg v. Kelly, 397 U.S. 254 (1970); Hewitt v. Helms, 459 U.S. 460 (1983).

Not all employees have a property interest in their jobs.  Swinehart v. McAndrews, 221 F. Supp. 2d 552, 557 (E.D. Pa. 2002), aff'd, 69 Fed. Appx. 60 (3d Cir. 2003). "To have a property interest in a job. . . a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment."  Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006) (internal citations omitted). "Whether a person has a legitimate entitlement to – and hence a property interest in

– his government job is a question answered by state law." Id. "The decisional law is clear that an at-will employee does not have a legitimate entitlement to continued employment because he serves solely at the pleasure of his employer." Id.

Plaintiffs rely on Keefer v. Durkos, 2006 U.S. Dist. LEXIS 68520, (W.D. Pa. September 25, 2006) (Gibson, J.) for the proposition that at-will employees have an expectation of continued employment to the extent they engage in conduct protected under the Pennsylvania Whistle Blower Law, thus entitling Conrad to the protections of procedural due process. Keefer relied on Weaver v. Harpster, 885 A.2d 1073 (Pa. Super. Ct. 2005) ("Weaver I") for this proposition.

In Weaver I, the plaintiff was employed by an employer with less than four employees. As a result, plaintiff was unable to maintain a sex discrimination case against the employer based on the Pennsylvania Human Relations Act (PHRA), because employers with less than four employees were excluded from protection under the Act. The Superior Court acknowledged that employment in Pennsylvania is generally at-will, and there are narrow exceptions to at-will employment based on public policy. The Superior Court created a public policy exception to at-will employment and allowed Weaver to bring a sex discrimination claim against her employer, because Weaver would have no remedy otherwise.

There are two problems with <u>Keefer</u>.  First, <u>Keefer</u> read what was to be a very narrow exception in <u>Weaver I</u> too broadly.  <u>See</u> <u>also</u> <u>Welsh v. Male</u>, 2007 U.S. Dist. LEXIS 20267 at *10 (E.D. Pa. March 22, 2007) (Golden, J.).  <u>Weaver</u> extended the public policy exception to at-will employment only because plaintiff had no other remedy.  <u>Weaver I</u> did not, as <u>Keefer</u> suggests, extend the public policy exception to those protected by the Whistle Blower Law to create a state law property interest, as those protected by the Whistle Blower law have a remedy already existing under that law.  Second, <u>Weaver I</u> was overturned by the Pennsylvania Supreme Court last year.  <u>See</u> <u>Weaver v. Harpster</u>, 975 A.2d 555 (Pa. 2009).  ("Weaver II").  In <u>Weaver II</u>, the Pennsylvania Supreme Court very clearly states that there is a strong presumption in Pennsylvania that all non-contractual employment relations are at-will.  <u>See</u> <u>Weaver</u>, 975 A.2d at 563.  The Pennsylvania Supreme Court stated that the legislature formulates the public policies of the Commonwealth, and "only in the clearest of cases may a court make public policy the basis of its decision."  <u>Id.</u>  "The right of a court to declare what is or is not in accord with public policy exists only when a given policy is so obviously for or against public health, safety, morals, or welfare that there is a virtual unanimity of opinion in regard to it."  <u>Id.</u>  Accordingly, the Pennsylvania Supreme Court reversed the Superior Court's decision in <u>Weaver I</u>, because the legislature clearly

excluded employers with less than four employees for coverage under the PHRA.

Accordingly, we are unable to rely on <u>Keefer</u>, or the other case plaintiffs cite which

relies on <u>Keefer, McNamee v. County of Allegheny</u>, 2007 U.S. Dist. LEXIS 59139

(W.D. Pa. August 13, 2007) (Hay, Magistrate Judge).

 Conrad did not have a legitimate entitlement to continued employment.

Conrad was an at-will employee.  Even if Conrad is entitled to relief as a whistle

blower, there is nothing in the Pennsylvania case law to suggest that status as a

whistle blower confers a property right in continued employment. Although

Conrad argues that his status as a whistle blower should afford him a property right

in his job, we disagree with this assertion and decline to stretch the Constitution in

this manner.  Although the Whistle Blower Law affords those

 covered by it a remedy for wrongful discharge, it does not create a constitutionally

protected property interest in the job.  This is analogous to Title VII and other

employment discrimination statutes.  Although Title VII affords those covered by

it a remedy for discharge based on protected characteristics, it does not create a

constitutionally protected property interest in the job that would demand due

process protections.  Title VII creates a remedy only.  Such is the case here; status

as a whistle blower creates a remedy only.  Conrad was, at all times, an at-will

employee with no property interest in his job. Thus, defendants were not required to afford Conrad with procedural due process protections prior to termination of his employment. As a result, we will grant defendants' motion to dismiss insofar as it is applies to plaintiffs' procedural due process claim based on a property interest.

Liberty Interest

"Reputation alone is not an interest protected by the Due Process Clause." Dee v. Borough of Dunmore, 549 F.3d 225 (3d Cir. 2008) (internal citations omitted). "To make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest. . . guaranteed by state law or the Constitution." Id. "In the public employment context, the "stigma-plus" test has been applied to mean that when an employer "creates and disseminates a false and defamatory impression about the employee in connection with his termination," it deprives the employee of a protected liberty interest." Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) citing Codd v. Velger, 429 U.S. 625, 628 (1977). "To satisfy the "stigma" prong of the test, it must be alleged that the purportedly stigmatizing statements (1) were made publicly, and (2) were false." Hill, 455 F.3d at 225 (internal citations omitted). Plaintiffs have alleged that the defendants made

false stigmatizing statements in Conrad's termination hearing.  The "plus" of the "stigma-plus" test can be termination or constructive discharge, whether or not the employee has a property interest in the lost job.  Id. at 238.   Thus, plaintiffs have alleged enough facts to survive a motion to dismiss their due process deprivation of liberty interest claim.

Substantive Due Process

Conrad's substantive due process claim fails to survive defendants' motion to dismiss.  "Whether a property interest is protected for purposes of substantive due process is a question that is not answered in reference to state law."  Hill, 455 F.3d at n. 12.  "Rather, for a property interest to be protected for purposes of substantive due process, it must be "fundamental" under the United States Constitution.  Id.  "[The Third Circuit] has held explicitly that public employment is not a fundamental right entitled to substantive due process protection."  Id.

Plaintiffs have pled sufficient facts to survive a motion to dismiss on their liberty interest procedural due process claim.  Plaintiffs have pled "stigma-plus" sufficient to allege a deprivation of the liberty interest in Conrad's reputation.  However, plaintiffs property interest procedural due process claim and substantive due process claim will be dismissed. Count II survives defendants' motion to dismiss insofar as it alleges a liberty interest procedural due process claim only.

C.

In Count III, plaintiffs assert that Conrad was denied equal protection of the laws. The Equal Protection Clause of the Fourteenth Amendment provides that the State shall not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. This declaration "is essentially a direction that all persons similarly situated should be treated alike." Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005). If a plaintiff does not raise an equal protection claim based upon membership in a protected class, the action will be treated under the "class of one theory." See Willowbrook v. Olech, 528 U.S. 562, 564 (2000). A plaintiff proceeding under this theory must establish "that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).

Defendants argue that Count III should be dismissed because plaintiffs did not identify a similarly situated individual who was treated differently. However, the pleadings describe several allegedly similarly situated individuals. Plaintiffs have pled sufficient facts for Count III to survive defendants' motion to dismiss.

Count VIII

Count VIII is a loss of consortium claim by Leslie Conrad. Defendants write only one line in their briefing arguing that Count VIII should be dismissed because Leslie Conrad's claim is derivative of her spouse's right to recover. "Under Pennsylvania law, a wife's consortium claim derives only from the injured husband's right to recover in tort. Curtin v. Tilley Fire Equip. Co., 1999 U.S. Dist. LEXIS 19467 at *20-21 (E.D. Pa. 1999). Defendants have not moved for dismissal of the tort claims against the individual defendants. Because plaintiffs still have viable tort claims, Leslie Conrad may maintain her derivative right to recover. Therefore, Count VIII remains as to the individual defendants.

## Qualified Immunity

Saucier v. Katz mandated a two-step analysis concerning qualified immunity: first, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right; and second whether that right was clearly established. 533 U.S. 194, 201 (2001). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202. The Supreme Court held that Saucier's "rigid order of battle" is not a mandatory requirement. Pearson v. Callahan, 129 S.Ct. 808 (2009). Lower courts can use their discretion

to decide which of the two prongs to consider first.  Id. at 818.

The Supreme Court has stated that if the law is firmly established, the qualified immunity defense should normally fail because a reasonably competent official should know the law governing his conduct.  Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982).

We do not believe any of the individual defendants, including defendant Reish, are entitled to qualified immunity.  Plaintiffs have alleged facts that assert that the individual defendants' conduct violated several clearly established constitutional rights (discussed previously in this memorandum).  All of these constitutional rights that were alleged to have been violated were clearly established during Conrad's employment and at the time of his termination.  As a result, the defendants are not entitled to qualified immunity.

## CONCLUSION:

Defendants' Motions to Dismiss will be granted in part and denied in part. Counts IV, V,  VII and VIII will be dismissed as to Northumberland County and the Northumberland Prison Board.  Counts IV, V, VII and VIII will remain as to the individual defendants. Counts I, II (insofar as it is a procedural due process denial of liberty interest claim), III, VI and IX will remain as to all defendants.

Count II (insofar as it is a substantive due process claim and procedural due

process denial of property interest claim) is dismissed as to all defendants.


                                 s/ James F. McClure, Jr.
                                 James F. McClure, Jr.
                                 United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

John Conrad and Leslie Conrad,       :                    4:09-CV-01326
his wife,                             :
                                      :
            Plaintiffs,               :                    (Judge McClure)
       v.                             :
                                      :
Northumberland County, et. al.,       :
                                      :
            Defendants.               :

## ORDER

February 3, 2010

In accordance with the accompanying Memorandum, **IT IS**

**HEREBY ORDERED THAT:**

        1.  Defendants' Motion to Dismiss is granted in part and denied in

part.

        2.  Counts IV, V,  VII and VIII  are DISMISSED as to

Northumberland County and the Northumberland Prison Board.

        3.  Counts IV, V, VII and VIII remain as to the individual defendants.

        4.  Counts I, III, VI and IX remain as to all defendants.

        5.  Count II is DISMISSED insofar as it is a property interest

procedural due process claim and a substantive due process claim.

6.  Count II remains as to all defendants insofar as it is a procedural due process denial of liberty interest claim.




    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge