IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Conrad and Leslie Conrad, his wife, | : : : | 4:09-CV-01326 |
| Plaintiffs, | : | (Judge McClure) |
| v. | : : | |
| Northumberland County, et. al., | : : | |
| Defendants. | : | |

**MEMORANDUM**

November 23, 2010

**Background:**

On July 10, 2009, plaintiffs, John and Leslie Conrad, a married couple, commenced a civil action by filing a complaint against defendants Northumberland County, Northumberland County Prison Board, Robert Sacavage, Anthony Rosini, Chad Reiner, Frank Sawicki, Kurt Masser, Charles Erdman, Vinny Clausi and Ralph M. Reish. In their complaint, the Conrads alleged a violation of John Conrad's Right to Free Speech (Count I); deprivation of John Conrad's Substantive and Procedural Due Process rights (Count II); denying Conrad Equal Protection of the laws (Count III); wrongful discharge (Count IV); intentional infliction of emotional distress (Count V); violation of whistle blower statutes (Count VI); defamation (Count VII); loss of consortium (Count VIII); and

1

violation of 42 U.S.C. 1985(2) (Count IX).

On February 3, 2010, this court dismissed Counts IV, V, VII and VIII as to Northumberland County and the Northumberland Prison Board and dismissed Count II (insofar as it is a substantive due process claim and procedural due process denial of property interest claim) as to all defendants. The remaining counts are IV, V, VII and VIII as to the individual defendants and Counts I, II (insofar as it is a procedural due process denial of liberty interest claim), III, VI and IX as to all defendants.

On August 4, 2010, Plaintiffs filed a 'Motion to Dismiss Defendants' Objections to Plaintiffs' First Set of Discovery Requests.' (Rec. Doc. No. 26). A supporting brief was timely filed. (Rec. Doc. No. 28). We construed the motion as a Motion to Compel Discovery, and provided time for an opposing and a reply brief to be filed. Defendants filed an opposing brief on October 20, 2010. (Rec. Doc. No. 32). Plaintiffs filed a reply brief on November 3, 2010. (Rec. Doc. No. 34). On November 8 and 9, 2010, defendants filed correspondence with the court regarding further discovery responses it had provided to plaintiffs.

The matter is ripe for disposition and we will grant plaintiffs' motion.

**Discussion:**

Plaintiffs served defendants with the First Set of Interrogatories and First Request for Production of Documents on January 11, 2010. On February 19, 2010, plaintiffs wrote to defendants to inquire as to why defendants had not responded to the discovery requests within the 30-day time period provided for by the federal rules. On March 29, defendants sent plaintiffs the documents identified in defendants' initial disclosure. On June 24, 2010, plaintiffs again requested responses to their discovery requests. Plaintiffs were permitted to inspect the defendants' file on June 28, 2010, which produced one responsive document. On July 13, 2010, defendants e-mailed to plaintiffs responses and objections to plaintiffs' discovery requests of January 11, 2010.

Plaintiffs are requesting that we compel discovery responses to plaintiffs' First Request for Production of Documents numbers 8, 10, 11, 14, 22 and 27 and to plaintiffs' First Set of Interrogatories numbers 1, 2, 3, 4, 5, 6, 7, 8 and 9. Plaintiffs argue that defendants objections were untimely and should be waived; plaintiffs further argue that defendants did not state the grounds for objections with the requisite specificity. Defendants responded to the motion by attaching several documents to the response, although without making it clear which documents were intended to respond to which request. Defendants provided no explanation of why it took so long to respond to discovery or to object to it, in contravention of

the federal rules. Defendants then sent the court two letters identifying several more documents it has provided to plaintiffs in response to the original discovery requests.

Federal Rule of Civil Procedure 33 (dealing with interrogatories) states, in part:

> (2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
>
> *****
>
> (4) *Objections*. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Fed. R. Civ. P. 33(b)(2) and (4).

Federal Rule of Civil Procedure 34 (dealing with production of documents) states, in part:

> (A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or can be ordered by the court.
>
> *****
>
> (C) *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2)(A) and (C).

Defendants have provided no explanation as to why it has taken them such a lengthy period of time to respond to plaintiffs' discovery requests. Nor do defendants assert that they had discussed their need for more time with plaintiffs

and come up with a stipulated extension of time to respond, as the federal rules provide for. Because defendants did not respond in the time required by the federal rules, nor did defendants request from plaintiffs more than 30 days to respond, but instead delayed response for no apparent reason, plaintiffs' motion will be granted.

                                              s/ James F. McClure, Jr.
                                              James F. McClure, Jr.
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Conrad and Leslie Conrad, his wife, | : | 4:09-CV-01326 |
| | : | |
| Plaintiffs, | : | (Judge McClure) |
| v. | : | |
| | : | |
| Northumberland County, et. al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

November 23, 2010

**NOW, THEREFORE, IT IS ORDERED THAT:**

Plaintiffs' "Motion to Dismiss Defendants objections to plaintiffs' first request for production of documents and plaintiffs' first set of interrogatories" is GRANTED. (Rec. Doc. No. 26).

       s/ James F. McClure, Jr.
       James F. McClure, Jr.
       United States District Judge